# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHANNON ROY CHADWICK, | ) |
| Plaintiff, | ) |
| | ) NO. 3:17-cv-0386 |
| v. | ) CHIEF JUDGE CRENSHAW |
| | ) |
| SHERIFF ROBERT BRYAN et al, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Shannon Roy Chadwick, proceeding *pro se*, has filed a civil rights complaint against Defendants Sheriff Robert Bryan, Nurse Rena [L/N/U], Wisardt Sinchat,[1] Anthony Lopez, CCA and Dr. James Bridges. (Doc. No. 1.) Before the court is the plaintiff's application to proceed *in forma pauperis* (Doc. No. 6) In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an application to proceed *in forma pauperis* and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 6) will be granted.

---

[1] It is not clear whether this is the first and last name of one individual or whether this is two last names—representing two different people. Regardless however, as explained below, Plaintiff has failed to state a claim against this person or persons.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

**II. Dismissal of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Begola v. Brown, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, Boag v. McDaniel, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**A. Factual Allegations**

The plaintiff alleges that on December 5, 2016 he was taken to a facility to have surgery for a hernia in his groin. (Doc. No. 1 at Page ID# 7.) On December 7, 2016, his right testicle started swelling. (Id.) He asked Deputy Conner to take him to medical. (Id.) Defendant Nurse Renee and her supervisor were present in the medical clinic. (Id.) After Plaintiff was taken to medical, Deputy Darbone told Plaintiff that Deputy Hensley was taking Plaintiff back to the hospital, where he spent an unspecified period of time. (Id.) When Plaintiff returned to the jail, Defendant Nurse Renee had Plaintiff placed in medical. (Id.). Plaintiff was housed in "M-16."

(Id.) Deputy Darbone told Plaintiff that he did not know why Plaintiff had been placed in "M-16" because that is where they "put people [who] are being punished." (Id.) Plaintiff was very uncomfortable in "M-16" and told every guard he saw. (Id. at Page ID ## 6-7.) Plaintiff alleges that "M-16" was cold, "maybe 20-25 degrees colder than the rest of the jail." (Id. at Page ID# 7.) Plaintiff was housed in "M-16" for several days. (Id.) Finally, Plaintiff asked to talk with someone about moving out of "M-16." (Id.) Deputy Hensley had Plaintiff moved to the main part of the medical unit. (Id.) Plaintiff alleges that because of the poor conditions in "M-16" he was not "cleared by medical for another week." (Id.)

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by

3

factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**C. Discussion**

1. Defendants Bryan, Sinchat, Lopez, CCA and Bridges

The plaintiff names as defendants Sheriff Robert Bryan, Wisardt Sinchat, Anthony Lopez, CCA and Dr. James Bridges. However, Plaintiff entirely fails to allege that these defendants engaged in any conduct, let alone conduct that violated his constitutional rights.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. See Twombly, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff

must make sufficient allegations to give a defendant fair notice of the claim). Plaintiff has failed to attribute any conduct at all to defendants Sheriff Robert Bryan, Wisardt Sinchat, Anthony Lopez, CCA and Dr. James Bridges. Where, as here, a defendant is named but the plaintiff fails to allege that the defendant engaged in any specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. See Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Based on the foregoing, Plaintiff fails to state any claims upon which relief may be granted against defendants Sheriff Robert Bryan, Wisardt Sinchat, Anthony Lopez, CCA and Dr. James Bridges.

2. Eighth Amendment Violation

Although it is less than clear, Plaintiff appears to allege that Defendant Nurse Renee was the person who assigned him to "M-16" where he spent an uncomfortable few days. Although Plaintiff alleges that he complained about the cold to every guard he saw, he also alleges that when he finally asked to be moved, he was in fact moved to the main medical unit. Plaintiff alleges that he remained in the main medical unit for a week "because of [his] circumstances." (Doc. No. 1 at Page ID# 7.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346). The deprivation alleged must result in the denial of the

"minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347; see also Wilson v. Yaklich, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); see also Helling v. McKinney, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

While Plaintiff may have been uncomfortably cold for a few days while housed in "M-16" he does not allege that he was not given medical care, that he was not adequately fed or that Defendant Nurse Renee or anyone else failed to take care of any of his essential needs while he was housed in "M-16." Moreover, once Plaintiff asked to be move, he was moved to the main medical unit. Plaintiff fails to set forth any allegations to suggest that Defendant Nurse Renee was deliberately indifferent to his health or safety when she initially assigned him to "M-16." As such, he fails to state a claim against Defendant Nurse Renee.

### III. Conclusion

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted against any defendant, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons that the court dismisses this action, the court finds that

an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

　　IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE